LODGED

SEND

FILED
CLERK, U.S DISTRICT COURT

JAN 2 0 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2006 JAN 19  PM 3: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

1   Cynthia B. Schaldenbrand, Esq. (SBN 078043)
    Edward W. Burns, Esq. (SBN 201913)
2   Cynthia A. Valenzuela, Esq. (SBN 224059)
    Freeburg, Nettels & Schaldenbrand
3   440 West First Street, Suite 102
    Tustin, CA 92780
4   Telephone: 714 508-1800
    Facsimile: 714 508-1809
5
6   Michael J. Abernathy, Esq. (admitted *pro hac vice*)
    Christopher I. Cedillo, Esq. (admitted *pro hac vice*)
7   BELL, BOYD & LLOYD LLC
    70 West Madison Street, Suite 3100
8   Chicago, IL  60602
    Telephone: 312 372-1121
9   Facsimile: (312) 827-8000

10  Attorneys for Defendant,
    UNDERWRITERS LABORATORIES INC.

11                 UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13  ALTINEX, INC.,                    ) Case No. SACV05-629 AHS (ANx)
                                       )
14                                     ) [PROPOSED]
                                       ) AGREED PROTECTIVE ORDER
15          Plaintiff,                 ) *as modified by the Court*
                                       ) *(pages 2,3, 15 & 16)*
16                                     )
          v.                           )
17                                     )
                                       )
18  UNDERWRITERS LABORATORIES          )
    INC.,                              )
19                                     )
                                       )
20          Defendants.                )
                                       )        **NOTE CHANGES MADE BY THE COURT**
21  _____)

22

23                  **AGREED PROTECTIVE ORDER**

24  WHEREAS,    plaintiff,    ALTINEX,    INC.    ("Altinex"),    and    defendant,

25  UNDERWRITERS    LABORATORIES    INC.    ("UL"),    are    engaged    in    litigation

26  requiring them to identify and disclose certain documents and other tangible items;

27  and,

28

DOCKETED ON CM

JAN 2 3 2006

BY _____ 724

ORIGINAL

-1-
AGREED PROTECTIVE ORDER

1 | WHEREAS, in the course of such proceedings, information, documentation, and
2 | other tangible items (collectively "information or documentation") that one or more
3 | parties consider to be confidential, proprietary and/or trade secrets will be produced;
4 | IT IS HEREBY ORDERED THAT:

5 |      1.    Each party to this action and anyone else who may subsequently
6 | subscribe to this Protective Order shall abide by the following provisions regarding
7 | certain information or documentation disclosed by the parties in connection with this
8 | litigation.

9 |      2.    It is anticipated that some information or documentation disclosed in the
10 | course of this action (whether in answers to interrogatories, answers to deposition
11 | questions, responses to requests for production, or the like) that has not been publicly
12 | disclosed by either party and that falls within the following categories may be
13 | confidential and proprietary or constitute a trade secret(s):

14 |      (a)    Confidential sales and/or marketing plans;

15 |      (b)    Confidential customer mailing lists;

16 |      (c)    Documents containing confidential information about a party's
17 | customers, ~~including, without limitation,~~ *specifically (AN)* documents identifying
18 | contact personnel within customer organizations, documents
19 | containing or reflecting customer purchase history, and documents
20 | containing or reflecting customer orders;

21 |      (d)    Documents containing confidential financial information about a
22 | party's business, ~~including, without limitation,~~ *specifically (AN)* ledgers, balance
23 | sheets, income statements, and reports from financial/accounting
24 | software;

25 |      (e)    Documents containing confidential information about a party's
26 | computer and software systems used in the ordinary course of its
27 | business;

28 |

1          (f)    Documents containing confidential information about a party's

2               employees, ~~including, without limitation~~, *specifically (H)* personnel records and

3               records relating to compensation;

4          (g)    Documents containing confidential information about a party's

5               existing products and/or products under development; and

6          (h)    *Documents containing confidential information about a party's*

7               *research and development activities.*

8  Any party that discloses information or documentation that falls within one or more

9  of the categories of documentation set forth above and that the party reasonably

10  believes to be confidential, proprietary, and/or a trade secret(s) may, at the time of

11  disclosure or production, designate such information or documentation as

12  "Confidential" and the information or documentation so designated shall thereafter be

13  subject to the provisions of this Protective Order.  Any party shall have the further

14  right to designate such information or documentation that relates to sensitive

15  financial and marketing information, trade secrets, or proprietary research,

16  development or technical information, as "Confidential Attorneys' Eyes Only" and

17  *the information or documentation so designated shall also thereafter be subject to the*

18  *provisions of this Protective Order.*

19  In the case of documents, each page that is to be protected under this Protective Order

20  shall be separately marked "Confidential" or "Confidential Attorneys' Eyes Only."

21  In the case of email messages other documents produced electronically via CD-ROM,

22  the CD must be marked "Confidential" or "Confidential Attorneys' Eyes Only" while

23  the individual pages need not be.  In the case of interrogatory answers, deposition

24  records, and the like, the first page thereof and the appropriate interrogatory answer

25  or deposition transcript pages and lines shall include an appropriate statement or be

26  marked "Confidential" or "Confidential Attorneys' Eyes Only."

27       3.    It is anticipated that either a party to this action or a third party in

28  *response to a subpoena may disclose some information or documentation in the*

1  course of this action that a third party or a party reasonably believes reflects or
2  contains information that is proprietary or confidential or that constitutes a trade
3  secret(s) and falls within the categories of documentation set forth in Paragraph No. 2
4  herein, but which has not been designated as "Confidential" or "Confidential
5  Attorneys' Eyes Only" pursuant to that paragraph by the disclosing party. Any party
6  to this action, or the third party, that receives such information or documentation that
7  it reasonably believes to be of the type so recognized, prior to the use of such
8  information or documentation in any deposition or other proceeding in this action,
9  may designate such information or documentation as "Confidential" or "Confidential
10 Attorneys' Eyes Only" by notifying all other parties in writing and identifying with
11 particularity the information or documentation so designated. The information or
12 documentation so designated shall thereafter be subject to the provisions of this
13 Protective Order. In the case of documents designated as "Confidential" or
14 "Confidential Attorneys' Eyes Only" pursuant to this Paragraph,

    (a)   it shall be sufficient to state the range of Bates numbers corresponding to pages of the designated document; and

    (b)   each page that is to be protected under this Protective Order shall be separately marked "Confidential" or "Confidential Attorneys' Eyes Only" prior to the document being disclosed to any person other than those enumerated in Paragraph No. 4 (c) and (d) herein.

21 Information or documentation designated as "Confidential" or "Confidential
22 Attorneys' Eyes Only" pursuant to this Paragraph that has been received from a third
23 party shall be subject to this Protective Order for all purposes.

24    4.   Any information or documentation designated as "Confidential"
25 pursuant to Paragraph Nos. 2 and 3 of this Protective Order shall not be disclosed to
26 any person other than:

    (a)   Employees of Altinex actively involved in this litigation,
28 including but not limited to, in-house counsel;

(b)    Employees of UL actively involved in this litigation;

(c)    The parties' attorneys of record;

(d)    A member of the legal, paralegal, secretarial, or clerical staff of the attorneys of record, or a member of any trial consultant firm retained by a party;

(e)    Any court reporter and/or notary public recording or transcribing a deposition in this case (hereinafter "court reporter");

(f)    Any testifying expert witness or non-testifying expert retained by a party and his or her individual staff, stenographic, and clerical employees, provided that said testifying expert witness or non-testifying expert ensures that his or her individual staff, stenographic and clerical employees do not violate any provision of this Protective Order;

(g)    Subject to the requirements of Paragraph Nos. 8 and 9 herein, any third-party witness whom a party reasonably believes possesses information relevant to the subject matter of the claims and/or defenses in this litigation, with the exception of any party employed by or otherwise affiliated with Altinex or UL other than those parties designated in subparts (a), (b), (c), (d), (e) and (f) of this Paragraph; and/or

(h)    Outside document copying services, document coding or computerization services, trial graphics consultants, jury and trial consultants, and other entities retained by counsel of record to aid in the preparation or in the trial of this action, provided that the counsel providing access to "Confidential" information or documentation to these services and consultants takes responsibility for that service or consultant's compliance with this Protective Order.

Any information or documentation designated as "Confidential Attorneys' Eyes Only" pursuant to Paragraph Nos. 2 and 3 of this Protective Order shall not be disclosed to any person other than:

(a)   The parties' in-house counsel and attorneys of record;

(b)   A member of the legal, paralegal, secretarial, or clerical staff of the attorneys of record, or a member of any trial consultant firm retained by a party; and

(c)   Any testifying expert witness or non-testifying expert retained by a party and his or her individual staff, stenographic, and clerical employees, provided that said testifying expert witness or non-testifying expert ensures that his or her individual staff, stenographic and clerical employees do not violate any provision of this Protective Order; and/or

(d)   Outside document copying services, document coding or computerization services, trial graphics consultants, jury and trial consultants, and other entities retained by counsel of record to aid in the preparation or in the trial of this action, provided that the counsel providing access to "Confidential Attorneys' Eyes Only" information or documentation to these services and consultants takes responsibility for that service or consultant's compliance with this Protective Order.

Prior to the disclosure of any "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation to any testifying expert witness or non-testifying expert retained by a party, the disclosing party shall provide the testifying expert witness or non-testifying expert with a copy of this Protective Order and shall request that the testifying expert witness or non-testifying expert acknowledge, in writing and in the form precisely the same as Exhibit A hereto, that he or she has read this Protective Order and agrees to be bound by its terms (unless he or she previously

1  signed Exhibit A). No information or documentation designated as "Confidential" or
2  "Confidential Attorneys' Eyes Only" shall be disclosed to any testifying expert
3  witness or non-testifying expert who has not first acknowledged in writing that he or
4  she has read this Protective Order and agrees to be bound by its terms.

5      5.    Any information or documentation designated as "Confidential" or
6  "Confidential Attorneys' Eyes Only" shall be maintained under strict confidence by
7  the parties and their counsel and shall be used only for purposes of this litigation and
8  shall be disclosed only to the individuals identified in Paragraph No. 4 above except
9  upon the prior written consent of the party or persons designating the information or
10 documentation or by order of Court. A party may seek further protective orders or to
11 modify this Protective Order by application to the Court in connection with any
12 information or documentation produced in accordance with this Protective Order.

13     6.    Counsel for a party shall designate materials as "Confidential" or
14 "Confidential Attorneys' Eyes Only" if he or she in good faith believes that such a
15 designation is necessary to prevent the party from incurring serious economic or
16 competitive harm or injury and should not be disclosed to other parties under any
17 circumstances. Information or documentation that may be designated is limited only
18 to the categories of information or documentation set forth in Paragraph No. 2 herein.
19 Any party or any third party seeking to designate information or documentation that
20 does not fall within these categories must seek leave of Court to do so or must seek
21 modification of this Protective Order.

22     7.    While protected by this Protective Order, any information or
23 documentation designated as "Confidential" or "Confidential Attorneys' Eyes Only"
24 as provided in this Protective Order may be used in the depositions of those afforded
25 access to this information or documentation in accordance with this Protective Order
26 with instructions to the court reporter that those portions of the depositions relating to
27 "Confidential" or "Confidential Attorneys' Eyes Only" information or
28 documentation, as well as "Confidential" or "Confidential Attorneys' Eyes Only"

1   information or documentation made exhibits, shall not be disclosed to any person
2   other than those persons afforded access to information or documentation in
3   accordance with this Protective Order, unless otherwise ordered by this Court.
4   Information or documentation disclosed at any deposition in this litigation also may
5   be designated by any party as "Confidential" or "Confidential Attorneys' Eyes Only"
6   by indicating on the record at the deposition that the specified part of the testimony is
7   "Confidential" or "Confidential Attorneys' Eyes Only" and subject to the provisions
8   of this Protective Order.   Any party may also designate "Confidential" or
9   "Confidential Attorneys' Eyes Only" information in a deposition transcript by
10  notifying all parties in writing, within thirty (30) days after receipt of the deposition
11  transcript by the attorneys for the designating party, of the specific pages and lines of
12  the transcript that contain such confidential information.  All depositions shall be
13  treated as though designated "Confidential Attorneys' Eyes Only" for a period of
14  forty-five (45) days after a full and complete transcript of said deposition is available.

15      8.      Third-party witnesses, excluding any testifying expert witness or non-
16  testifying expert retained by a party, to whom "Confidential" or "Confidential
17  Attorneys' Eyes Only" information or documentation is to be disclosed shall be
18  designated and identified in writing to the other party or parties by facsimile and by
19  first class mail, overnight mail or messenger delivery, at least four business days
20  prior to the disclosure of any "Confidential" or "Confidential Attorneys' Eyes Only"
21  information or documentation to any such third-party witness.   Such written
22  designation and identification shall set forth the name of the third-party witness, his
23  or her occupation, and his or her business address and shall identify the
24  "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation
25  that is proposed to be disclosed to him or her.  Unless the other party or parties
26  notifies the proposing party of any objection within three business days after receipt
27  of the written designation and identification, such third-party witness shall thereafter
28  be allowed to have access to the "Confidential" or "Confidential Attorneys' Eyes

Only" information or documentation identified in the written designation and identification pursuant to the terms and conditions of this Protective Order.  Should any party timely notify the proposing party of its objection to the disclosure identified in the written designation and identification, the proposing party shall refrain from any such disclosure of "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation to the third-party witness until the objection has been resolved between the parties or ruled upon by the Court.

9.    Prior to the disclosure of any "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation to any third-party witness, the disclosing party shall provide the third-party witness with a copy of this Protective Order and shall request that the third-party witness acknowledge, in writing and in the form precisely the same as Exhibit A hereto, that he or she has read this Protective Order and agrees to be bound by its terms (unless the third-party witness previously signed Exhibit A).   No information or documentation designated as "Confidential" or "Confidential Attorneys' Eyes Only" shall be disclosed to any third-party witness who has not first acknowledged in writing that he or she has read this Protective Order and agrees to be bound by its terms.   In the case of depositions where information designated as "Confidential" or "Confidential Attorneys' Eyes Only" is disclosed to a deponent, a copy of said written acknowledgment form executed by the deponent shall be attached as an exhibit to each and every copy of the transcript of the third-party witness' deposition.   If, prior to any anticipated disclosure of "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation to any third-party witness at a deposition in this case, the third-party witness refuses to be bound by the terms of this Protective Order, the parties, outside the presence of the third-party witness or any other third party not bound by the terms of this Protective Order, and prior to the disclosure of any "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation, may reach an agreement that information or documentation so designated and proposed to be revealed to said

1  third-party witness during the deposition may be disclosed to the third-party witness
2  without waiving the applicability of this Protective Order to such information or
3  documentation for all other purposes.   Under such circumstances,   any such
4  information or documentation disclosed to the third-party witness shall remain
5  subject to this Protective Order for all other purposes.  If the parties are unable to
6  reach such an agreement, pending a ruling by the Court, no "Confidential" or
7  "Confidential Attorneys' Eyes Only" information or documentation shall be
8  disclosed to the third-party witness.

9      10.    Nothing in this Protective Order shall be deemed to prohibit the
10  transmission or communication of information or documentation designated as
11  "Confidential" or "Confidential Attorneys' Eyes Only" between or among those
12  afforded access to it pursuant to this Protective Order by hand delivery, face-to-face
13  conference, or (a) in sealed envelopes or containers via the mail or an established
14  freight, delivery, or messenger service, or (b) by facsimile or electronic mail (if,
15  under the circumstances, there is no reasonable likelihood that the transmission will
16  be intercepted or misused).

17      11.    Information or documentation designated as "Confidential" or
18  "Confidential Attorneys' Eyes Only" shall not be copied or otherwise reproduced by
19  the non-designating party, except for transmissions to persons permitted access to
20  such information or documentation under Paragraph No. 4, without the written
21  permission of the designating party.  Nothing herein shall, however, restrict those
22  identified in Paragraph No. 4 from making working copies, abstracts, indices,
23  summaries or digests of information or documentation designated as "Confidential"
24  or "Confidential Attorneys' Eyes Only" for use in connection with this action, and
25  such working copies, abstracts, indices, summaries and digests shall be deemed
26  information or documentation designated as "Confidential" or "Confidential
27  Attorneys' Eyes Only" under the terms of this Protective Order.

28

12.     Upon conclusion of all proceedings in this action whether by judgment, settlement or otherwise, including any appeals, counsel for the parties shall return all documents or other materials produced and designated "Confidential" or "Confidential Attorneys' Eyes Only" to the producing party, in whatever forms stored or reproduced, all working copies thereof, accompanied by a written verification precisely in the form attached hereto as "Exhibit B," that all such documents and materials have been returned to counsel for the producing party. Any attorney designated in Paragraph No. 4 herein shall be entitled to retain, in whatever forms stored or reproduced, all the materials, including but not limited to, pleadings, correspondence, memoranda, notes, and other work product materials that contain or refer to information or documentation designated "Confidential" or "Confidential Attorneys' Eyes Only" and such materials shall remain protected by this Protective Order.

13.     The restrictions and obligations relating to information or documentation designated "Confidential" or "Confidential Attorneys' Eyes Only" and protected by this Protective Order shall not apply to any such information or documentation that:

      (a)    the designating party agrees shall no longer be subject to such restrictions and obligations;

      (b)    was in the public domain at the time of disclosure by one party to any other party;  and/or

      (c)    is published or otherwise becomes part of the public domain, after the disclosure to or by the non-designating party and through no fault of the non-designating party, but only after and to the extent said information or documentation is published or otherwise becomes part of the public domain through no fault of the non-designating party;

14.     In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information or documentation as

1  "Confidential" or "Confidential Attorneys' Eyes Only" or the designation of any
2  person as being entitled to receive materials under this Protective Order, the parties
3  shall first try to resolve such dispute in good faith on an informal basis. If the dispute
4  cannot be resolved within seven (7) days of first notice of disagreement, the party
5  objecting to the designation may seek appropriate relief from the Court. This Order
6  shall be without prejudice to any party or an interested member of the public to bring
7  before the Court at any time the question of whether any particular information or
8  documentation is or is not, in fact, "Confidential" or "Confidential Attorneys' Eyes
9  Only" and deserving of protection pursuant to this Protective Agreement or
10 otherwise. A party shall not be obligated to challenge the propriety of a designation
11 as "Confidential" or "Confidential Attorneys' Eyes Only" materials at the time made,
12 and failure to do so shall not preclude a subsequent challenge thereto.

13      15.   A party's inadvertent or unintentional production, or other disclosure, of
14 information or documentation that is confidential, proprietary, or a trade secret
15 without designating such information or documentation as "Confidential" or
16 "Confidential Attorneys' Eyes Only" under this Protective Order, or a party's failure
17 to timely designate information or documentation that is confidential, proprietary, or
18 a trade secret as "Confidential" or "Confidential Attorneys' Eyes Only" under this
19 Protective Order shall not be deemed a waiver in whole or in part of that party's
20 claim of confidentiality or secrecy, either as to specific information or documentation
21 disclosed or as to any other information or documentation relating thereto or on the
22 same or related subject matter.  The producing party may give written notice to the
23 receiving party that the information or documentation produced is deemed
24 "Confidential" or "Confidential Attorneys' Eyes Only" and should be treated as such
25 in accordance with this Protective Order.  The receiving party shall treat such
26 information or documentation as "Confidential" or "Confidential Attorneys' Eyes
27 Only" from the date such notice is received.  Under such circumstances, disclosure,
28 prior to the receipt of such notice, of "Confidential" or "Confidential Attorneys' Eyes

1 │ Only" information or documentation to persons not authorized to receive

2 │ "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation

3 │ shall not be deemed a violation of this Protective Order.

4 │      16.   If "Confidential" or "Confidential Attorneys' Eyes Only" information or

5 │ documentation is disclosed to anyone other than in a manner authorized by this

6 │ Protective Order, the party responsible for such disclosure shall as soon as said

7 │ disclosure is discovered bring all pertinent facts relating to such disclosure to the

8 │ attention of the other party or parties and take steps, consistent with the terms of this

9 │ Protective Order, to prevent further disclosure.

10 │      17.   Information or documentation disclosed in the course of this action may

11 │ be used only for the purposes of this litigation or in defense of any related

12 │ governmental proceeding, irrespective of whether such information or documentation

13 │ is designated or marked as "Confidential" or "Confidential Attorneys' Eyes Only"

14 │ pursuant to Paragraph Nos. 2, 3 and 7 of this Protective Order.

15 │      18.   In the event that any information or documentation disclosed in the

16 │ course of this action is used in defense of any related governmental proceeding, a

17 │ party using such information in such a proceeding shall disclose such information in

18 │ connection with that proceeding only in accordance with the terms of this Protective

19 │ Order.

20 │      19.   This Protective Order is entered solely for the purpose of facilitating the

21 │ exchange of documents and information between the parties to this Protective Order

22 │ without involving this Court unnecessarily in this process.  Nothing in this Protective

23 │ Order nor the production of any information or documentation under the terms of this

24 │ Protective Order shall be deemed to have the effect of any admission or waiver,

25 │ including an admission that designated information or documentation is confidential

26 │ or a trade secret, or including waiver under the rules of evidence, by either party or

27 │ other subscriber to this Protective Order, or of altering any existing obligation of any

28 │ party or other subscriber, or the absence of such obligation.

20.   Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own information or documentation or to prevent a party from using or disclosing information or documentation properly obtained other than pursuant to discovery in this case.

21.   Nothing herein shall prevent the disclosure of particular information or documentation designated as "Confidential" or "Confidential Attorneys' Eyes Only" to one or more particular persons if the designating party first consents to such disclosure.

22.   Nothing   herein prevent any counsel of the parties from utilizing "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation in the deposition of any person (including the preparation of such person for deposition or any evidentiary proceeding) who is reasonably alleged to be the author, source or recipient of the "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation, or who is an employee or agent thereof, irrespective of which party produced such information or documentation.

23.   Nothing herein otherwise restricts any attorneys from rendering advice to their clients with respect to this litigation and, in the course thereof, referring or relying generally upon their examination of information or documentation designated "Confidential" or "Confidential Attorneys' Eyes Only," provided, however, that in rendering such advice and in otherwise communicating with their clients, the attorneys shall not disclose the content or the source of such information or documentation contrary to the terms of this Protective Order.

24.   This Protective Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including, but not limited to, defenses or objections to discovery or production of information or documentation and to the use, relevance, or admissibility at the hearing on the merits of any evidence, whether or not comprised of information or documentation governed by this Protective Order.

25.    Nothing in this Protective Order shall limit the producing party from using its own information or documentation otherwise subject to the terms of this Protective Order in any fashion it may desire.

26.    Any pleading, paper or other document filed in this action which contains or discloses "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is confidential, for use by the Court only, and to be maintained under seal pursuant to the terms of this order. The copies of such documents that are served on parties to the lawsuit other than the producing party shall be redacted to delete "Confidential" and "Confidential Attorneys' Eyes Only" information or documentation, and an appropriate legend indicating such redaction, such as "Non-Confidential Version -- Confidential Information Redacted," "Redacted," or "Non-Confidential" shall be prominently marked on the first page thereof. In the absence of a waiver of confidentiality from the designating party, prior to introducing any information or documentation designated as "Confidential" or "Confidential Attorneys' Eyes Only" during any hearing or trial in this action, the party intending to introduce such information or documentation shall approach the bench for a ruling on how the information or documentation is to be treated.

27.    After termination of this litigation, including appeals, this Protective Order shall continue to be binding on the parties hereto, and upon all persons to whom "Confidential" or "Confidential Attorneys' Eyes Only" information or documentation has been disclosed for five years from the termination of this litigation, and this Court shall may retain jurisdiction over the parties for enforcement of its provisions.

28.    This Protective Order shall be without prejudice to the right of the parties to this Protective Order to present a motion to the Court for a separate order as to any such particular information or documentation, including restrictions differing

1  from those as specified herein.  This Protective Order may be amended by leave of

2  Court, ~~with or without the agreement of counsel,~~ or as the need may arise ~~by the~~

3  ~~mutual consent and agreement of counsel without prior leave of Court.~~

4

5  So stipulated.

6

7  Vladimir Khiterer, Esq.

8  DATED:  1-17-06

9

10  So stipulated.

11

12  Cynthia B. Schaldenbrand, Esq.

13  DATED:  1-18-06

14

15  **IT IS SO ORDERED.**

16  Dated: Jun 20, 2006                    ~~Chief Judge Alicemarie H. Stotler~~

17                                         ARTHUR NAKAZATO

18                                         United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

To Whom It May Concern:

**Protective Order Governing Confidentiality of Documents and Information In Altinex, Inc. v. Underwriters Laboratories Inc., U.S. District Court, Central District of California, Case No. SACV05-629.**

This is to certify that the undersigned has read, understands, and is fully familiar with the provisions of the Protective Order governing confidentiality of information and documentation in the referenced action.

As a condition precedent to my examination of any of the Confidential information or documentation covered by the Protective Order, I agree that the Protective Order shall be deemed to be directed to, and shall include, me and I shall observe and comply with all provisions of the Protective Order. I fully understand that my failure to maintain the confidentiality of any information or documentation covered by the Protective Order may result in the initiation of legal action against me.

Dated: _____

_____
Name

_____
Address

1  _____

2

3  _____

4  Occupation and Job Title

5  _____

6  Employer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGREED PROTECTIVE ORDER

**EXHIBIT B**

To Whom It May Concern:

**Protective Order Governing Confidentiality of Documents and Information In Altinex, Inc. v. Underwriters Laboratories Inc., U.S. District Court, Central District of California, Case No. SACV05-629.**

This is to certify that the undersigned states that along with this signed verification, he/she is returning to counsel for [insert name of producing party] any and all copies of Confidential or Confidential Attorneys' Eyes Only information or documentation produced by [insert name of producing party] pursuant to the Protective Order in the referenced action.

Dated: _____

_____
Name

_____
Address

_____

_____

Occupation and Job Title

_____
Employer

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States of America and I am employed in Tustin, California.  I am over the age of 18 and not a party to the within action.  My business address is 440 West First Street, #102, Tustin, California 92780-3047.

On **January 18, 2006**, I served true copies of the foregoing document described as: **[PROPOSED] AGREED PROTECTIVE ORDER** on the interested parties in this action, addressed as follows:

Vladimir Khiterer, Esq.
KHITERER LAW OFFICE
2901 West Coast Hwy., Suite 200
Newport Beach, CA 92663
*Facsimile (949) 650-1703*
*Counsel for Plaintiff*

(X)     BY U.S. MAIL:  The documents were placed in sealed, addressed envelopes on the above date and placed for collection/mailing at my place of business.  I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Tustin, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )     BY OVERNIGHT DELIVERY:  The documents were placed in sealed, addressed packaging for overnight delivery on this date in the ordinary course of business, with all charges to be paid by my employer, to be deposited in a facility maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages.

( )     BY FACSIMILE TRANSMISSION:  The documents were placed for transmission in a fax machine located in my employer's office, and were transmitted to fax numbers as shown above or on the attached service list on this same date in the ordinary course of business.  A record of the transmission(s) was properly issued by the transmitting fax machine as being complete and without error.

(X)     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on **January 18, 2006**, at Tustin, California.

Barbara J. Eppenger